IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. MEDINA,<br><br>    *Plaintiff,*<br><br>v.<br><br>ROBERT R. HAAS, et al.,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 20-5019 |

**PAPPERT, J.**                                 March 22, 2021

## MEMORANDUM

  David Medina sued Robert Haas, the Pennsylvania College of Technology and the Pennsylvania State University following a vehicle collision in Lycoming County, Pennsylvania. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) due to improper venue under 28 U.S.C. § 1391 or, in the alternative, transfer venue to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1404. The Court grants the Motion in part and will transfer venue.

I

  At approximately 6:46 a.m. on March 1, 2019, Medina was driving his 2010 Dodge Charger in the southbound lane of U.S. Highway 15 approaching Allenwood Camp Lane near White Deer, Pennsylvania. (Compl. ¶ 18, ECF 1.) Haas, a Pennsylvania College of Technology employee, was operating a 2008 Ford F-250 traveling eastbound on Allenwood Camp Lane and plowing snow or slush on behalf of PCT, an affiliate of the Pennsylvania State University. (*Id.* at ¶¶ 19, 21.) Haas ran a

1

stop sign, drove through an intersection between Allenwood Camp Lane and Highway 15 and struck the front passenger side of Medina's car. (*Id.* at ¶¶ 22–23, 31, 39.) The collision sent Medina's car across the northbound lane of Highway 15 and through a ditch. (*Id.* at ¶¶ 24–27.) Medina says as a result of the accident he is permanently injured and currently disabled and unable to work. (*Id.* at ¶¶ 29–30, 40–43.)

Medina, a resident of Nassau County, New York, filed a Complaint in this District asserting various counts of negligence against Defendants. *See generally* (*id.* at ¶¶ 1, 44–67). Defendants argue the Eastern District of Pennsylvania is an improper venue and move to dismiss the Complaint. (Venue Mot. ¶¶ 17–21, ECF 4.) Alternatively, Defendants move to transfer the case to the Middle District of Pennsylvania because that forum would be more convenient for the parties and witnesses. (*Id.* at ¶¶ 25–26.)

## II

Under 28 U.S.C. § 1391(b), venue in a civil action is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A natural person is "deemed to reside in the judicial district in which that person is domiciled." *Id.* at § 1391(c)(1). A corporation is "deemed to reside in any district in [a] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* at § 1391(d).

A civil action initially brought in a proper venue may be transferred from one district to another "where it might have been brought," so long as the transfer satisfies

"the convenience of parties and witnesses" and is "in the interest of justice." 28 U.S.C. § 1404(a). District courts are vested with "broad discretion" when determining whether transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). There are two considerations when analyzing a request for a § 1404(a) transfer. First, both the original and requested venues must be proper. *Id.* at 878. Second, because the purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense,'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26–27 (1960)), the Court should "consider all relevant factors" and balance a set of private and public interest factors identified by the Third Circuit Court of Appeals to determine whether transferring the case to a different forum would best serve the interests of justice. *Jumara*, 55 F.3d at 879.

The movant bears the burden of establishing the propriety of transfer. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). A movant is "not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'" *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (quoting *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001)) (alterations in original).

### III

#### A

Because "a motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense," the burden of proving improper venue is on the moving party, *see Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982), and

the Court must view the facts in the light most favorable to the plaintiff, *see Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005). Defendants contend the Eastern District of Pennsylvania is an improper venue because Medina has no relationship to it, all events giving rise to this action occurred in the Middle District and Haas and PCT reside in the Middle District. (Mem. in Support of Venue Mot. 1, 3, ECF 4-1.) But they do not claim Penn State does not reside here. *See generally* (Mem. in Support of Venue Mot. 1–3); (Reply). Rather, they accuse Medina of "seek[ing] to manufacture venue in the Eastern District via the improper joinder" of Penn State and point out they have moved to dismiss Penn State from this case. *See* (Mem. in Support of Venue Mot. 2); (Reply 1, ECF 17); (Mot. to Dismiss, ECF 14). They argue that if the Court grants their Motion to Dismiss Penn State, *then* "the purported nexus to the Eastern District would dissolve and venue in this district would be improper." (Reply 1.)

Given its finding that transferring this case is appropriate for the reasons that follow, the Court need not decide whether Penn State has been improperly joined. At this point, Penn State remains a Defendant. Since all Defendants reside in Pennsylvania, whether venue is proper here depends on whether any Defendant can be said to reside in this District. *See* 28 U.S.C. § 1391(b).

Defendants all but acknowledge Penn State is a resident of this District under 28 U.S.C. § 1391, and properly so. Penn State is an educational corporation. *See* 24 P.S. § 2531 et seq.; *American Future Sys. v. Pennsylvania State Univ.*, 553 F. Supp. 1268, 1270 (M.D. Pa. 1982); *Ross v. Pennsylvania State Univ.*, 445 F. Supp. 147, 148–49 (M.D. Pa. 1978); *Brush v. Pennsylvania State Univ. Bd. of Trustees*, 249 Pa. Super. 164, 375 A.2d 810, 818 (Pa. Super. Ct. 1977). It operates several campuses located in this

4

District, including Penn State Great Valley, Penn State Abington, Penn State Berks, Penn State Brandywine and Penn State Lehigh Valley. *See* (Mem. in Support of Resp. to Venue Mot. 7–8, ECF 12); (Mem. in Support of Venue Mot. ¶ 13). Its substantial contacts with this District are sufficient to subject it to personal jurisdiction here, even if this District were its own state. *See* 28 U.S.C. § 1391(d). The Eastern District is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1).

B

Venue would also be proper in the Middle District because the accident occurred there in Clinton Township, Lycoming County. *See* (Resp. to Venue Mot. ¶ 4, ECF 11); 28 U.S.C. § 1391(b)(2). Medina does not dispute this. *See generally* (Resp. to Venue Mot.); (Mem. in Support of Resp. to Venue Motion).

IV

Since venue is proper in both the Eastern and Middle Districts, the Court must next consider whether a transfer to the Middle District would be in the interest of justice. *See* 28 U.S.C. § 1404(a). The Third Circuit Court of Appeals considers both public and private interests when deciding whether transfer is appropriate. *Jumara*, 55 F.3d at 879. The private interests include (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum. *Id*. The public interests include (1) the enforceability of the judgment; (2) practical considerations that would make trial easy, expeditious, or inexpensive; (3) the

congestion of the two fora's dockets; (4) the local forum's interest in deciding the case; and (5) the trial judge's familiarity with any applicable state law. *Id*. The Court must assess all of these factors to "determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id*. (internal quotations and citation omitted).

### A

#### i

Generally, in weighing private interests a plaintiff's "choice of forum is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendants' forum." *Blanning v. Tisch*, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (citing *Shutte*, 431 F.2d at 25). "Notably, however, when a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, the choice is given less weight." *Aamco Transmission Inc. v. Johnson*, 641 F. Supp. 2d 464, 466 (E.D. Pa. 2009). A defendant's forum preference is usually "entitled to considerably less weight than [a] [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003).

Although Medina chose to file his Complaint here, he lives in New York and the accident did not happen in the Eastern District. Medina appears to suggest that some of the conduct he alleges may have occurred here, or at least outside of the Middle District, because he "has also asserted claims that Defendant Penn State failed, *inter alia*, to provide proper supervisions or instruction" to PCT or Haas. (Mem. in Support of Resp. to Venue Mot. 11–12.) But the Complaint does not tie Penn State's actions to

any location, *see generally* (Compl. ¶¶ 65–67), and the Court has no basis to assume this was the situs of Penn State's alleged involvement. Because Medina's preference merits less weight than is typical, this factor is neutralized by Defendants' preference for the Middle District.

ii

The Court next considers where the claims arose. *See Jumara*, 55 F.3d at 879. "Typically, the most appropriate venue is determined by [this] factor." *McCraw v. GlaxoSmithKline*, No. 12-2119, 2014 WL 211343, at *4 (E.D. Pa. Jan. 17, 2014). When "the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Leatherman v. Cabot Oil & Gas Corp.*, No. 12-cv-3783, 2013 WL 1285491, at *3 (E.D. Pa. Mar. 29, 2013) (quoting *Hamilton v. Nochimson*, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009)); *see also Matarazzo v. Csenge Advisory Group, LLC.*, No 19-3014, 2020 WL 2992453, at *10 (E.D. Pa. June 4, 2020) ("When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight.") (internal quotations and citation omitted). Additionally, "[c]ourts are more inclined to transfer an action if events giving rise to the action occurred in the proposed district." *Harper v. Sky King Fireworks, Inc.*, No. 20-2031, 2020 WL 4039060, at *3 (E.D. Pa. July 16, 2020). The accident took place in the Middle District between a New York resident and an individual who lives and works in that district and is employed by a company that resides there. Since the Eastern District has no clear connection to the operative facts of this lawsuit, this factor weighs heavily in favor of transfer.

iii

*Jumara* next instructs the Court to evaluate the "convenience of the parties as indicated by their relative physical and financial condition." 55 F.3d at 879. Defendants contend the Middle District is more convenient for them because they each reside or have their principal places of business there. (Mem. in Support of Venue Mot. 7–8.) They point out PCT and Penn State's main campus are located over 150 miles from this Court. (*Id.* at ¶¶ 8, 10.) Medina insists the Eastern District is more convenient for him because he lives approximately 123 miles away from here, while Middle District courthouses are approximately 150–225 miles from his home. (Mem. in Support of Resp. to Venue Mot. 12.) On balance, this factor favors transfer, though the significance of this factor is lessened by the proximity of the fora.[1] *See Jumara*, 55 F.3d at 882. Whereas the Eastern District is not particularly convenient for any party, the Middle District is convenient for most.

iv

The final two private interests enumerated in *Jumara*, the availability of witnesses and evidence, are relevant "only to the extent that the witnesses may actually be unavailable for trial in one of the fora" and "to the extent that . . . files could not be produced in the alternative forum." 55 F.3d at 879. Although the Court recognizes the additional burden that traveling to the Eastern District may have on Middle District-based witnesses, this factor does not, as a matter of law, weigh in favor

---

[1] Medina also believes the Eastern District is convenient for the lawyers, but "the convenience of counsel is not a factor that is relevant in deciding a motion brought under 28 U.S.C. § 1404(a)." *Matt v. Baxter Healthcare Corp.*, 74 F. Supp. 2d 467, 469 (E.D. Pa. 1999) (citing *Solomon v. Continental Amer. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Jordan v. Delaware & Hudson Ry. Co.*, 590 F. Supp. 997, 998 (E.D. Pa. 1984)).

of transfer because the witnesses would be available in the Eastern District. *See* Fed. R. Civ. P. 45(c)(1)(B) (subpoena may command person to attend trial in home state if attendance would not cause "substantial expense"). And no one contends that evidence could not be produced in either forum. These factors do not weigh on the Court's analysis.

On balance, private interests weigh in favor of transferring the case to the Middle District of Pennsylvania.

B

Turning to the five public interest factors enumerated in *Jumara*, the first, the enforceability of any judgment, and fifth, the trial judge's familiarity with any applicable state law, are inapplicable here because a judgment in the Eastern District is equally enforceable in the Middle District and judges in each district are familiar with Pennsylvania law. The third, congestion of the two fora's dockets, weighs slightly against transfer. Defendants correctly assert the volume of new and backlogged cases is greater in the Eastern District than in the Middle District. *See* (Mem. in Support of Venue Mot. 10). But as Medina points out, the Middle District has fewer judges. (Mem. in Support of Resp. to Venue Mot. 18.) Moreover, the most recent data available indicates that while judges in the Eastern District each have approximately 440 pending cases on average, judges in the Middle District average approximately 639 cases. *See* U.S. Courts, *U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2020)*, https://www.uscourts .gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2020.pdf (last visited Mar. 18, 2021).

The second and fourth factors, practical considerations that would make trial easy, expeditious, or inexpensive and the local forum's interest in deciding the case, weigh in favor of transfer. Defendants assert the majority of witnesses in this case are located in the Middle District and the Eastern District is more than 120 miles away from the accident, both of which suggest trial would be easier and less expensive in the Middle District. *See* (Venue Mot. ¶¶ 14, 26); (Mem. in Support of Venue Mot. 4, 6–7 9, 12.) Additionally, while the Eastern District has virtually no interest in the outcome of this case, the Middle District has an interest in resolving a dispute that arose on its roadways where Medina allegedly sustained numerous injuries. Moreover, local judges and juries would have greater familiarity with the roadways and other facts that may bear on the outcome of the case.

On the whole, the *Jumara* public interests favor transfer to the Middle District.

V

Medina's preference to litigate this case in the Eastern District and the congestion of the districts' respective dockets weigh against transfer, but several factors weigh in its favor: (1) the case has no clear connection to the Eastern District and the accident occurred in the Middle District; (2) Defendants prefer to litigate in the Middle District; (3) the Middle District is a more convenient forum for most parties; (4) practical considerations, like the location of most potential witnesses, establish that trial in the Middle District would be more efficient; and (5) the Middle District has the only local interest in the outcome of the case. Plus, Medina's choice of forum "merits less deference" because "none of the conduct complained of" occurred in the Eastern District and he does not live here. *Rowles v. Hammermill Paper Co.*, 689 F. Supp. 494,

496 (E.D. Pa. 1988). Accordingly, Defendants have met their burden of showing that, "all relevant things considered, the case would be better off transferred to [the Middle District]." *Connors*, 248 F. Supp. 2d at 396.[2]

An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2] Medina submitted a recent opinion, *Gordon v. Bechtel Corp.*, No. 20-2688, 2021 WL 816466 (E.D. Pa. Mar. 3, 2021), that he believes bolsters his argument. *See* (Motp. to Submit Recent Eastern Dist. Case, ECF 18); (Mem. in Support of Mot. to Submit Recent Eastern Dist. Case, ECF 19). It does not. The *Gordon* court declined to transfer venue to the Middle District, where a plaintiff was injured, because, *inter alia*, nothing about the location of plaintiff's injury contributed to the injury and the Eastern District was at least equally convenient for the numerous defendants because no individual defendant resided, and no defendant corporation had a principal place of business, in Pennsylvania. *See* 2021 WL 816466 at *2. Those are not the facts of this case.